**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**GRACE CHAPEL PRESBYTERIAN CHURCH (USA)**                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:07cv552 DPJ-JCS**

**PRESBYTERY OF MISSISSIPPI**                                    **DEFENDANT**

**ORDER**

This cause is before the Court on the motion of Plaintiff Grace Chapel Presbyterian Church ("Grace Chapel") to remand this action to the Chancery Court of Madison County, Mississippi.  Defendant Presbytery of Mississippi ("Presbytery") opposes the motion.  The Court, having considered the parties' submissions and the relevant authorities, concludes that no federal question jurisdiction exists.  Accordingly, Plaintiff's motion to remand should be granted.

I.      **FACTS/PROCEDURAL HISTORY**

On March 19, 2007, Grace Chapel filed a Complaint against the Presbytery in the Chancery Court of Madison County.  The Complaint alleged that a "controversy exists between the parties as to the ownership of certain real and personal property. . . ."  Plaintiff's prayer for relief sought declaratory judgment that "all property held by the local church is held by it in full and exclusive ownership"  and "that neither the PCUSA [Presbyterian Church (U.S.A.)] nor the Presbytery has any right, title, or interest in the said property, *nor right to determine or interfere with the ownership thereof or the exercise of rights therein*."  (Emphasis added).  At the time suit was filed, Grace Chapel was affiliated with the PCUSA, a hierarchical or connectional and representative church for which the Presbytery is a regional administrative unit.

1

Soon after suit was filed, the parties agreed to a Final Declaratory Judgment ("Final Judgment"). The Final Judgment declared and ordered that

> all property . . . held by, for or in the name of Grace Chapel . . . is held and owned in fee simple for the sole and exclusive use and benefit of Grace Chapel, which it holds . . . in accordance with the laws of the State of Mississippi, [Grace Chapel's] recorded deeds and [Grace Chapel's] Articles of Incorporation.

Significantly, the judgment also ordered

> that neither the Presbytery of Mississippi, nor any person, entity, administrative unit, agency, commission, committee, or governing body acting on behalf of the Presbytery of Mississippi, or in its stead, or claiming by, through or under the Presbytery of Mississippi, has any right, title or interest in or to the Property, whether in trust or otherwise, nor any *right to determine or control, directly or indirectly,* the use or ownership of the Property.

(Emphasis added).

After the Final Judgment was entered, Grace Chapel voted to disaffiliate from the PCUSA denomination. The Presbytery apparently responded by passing a resolution that, *inter alia*, appointed an "administrative commission" with authority to "assume original jurisdiction over all matters pertaining to Grace Chapel including, without limitation, property, assets, membership, and governance of the church."

Believing that Defendant violated the terms of the Final Judgment, Grace Chapel filed a motion for a temporary restraining order ("TRO Motion") on August 29, 2007. That motion was filed under the same civil action number as the original complaint, although it appears that a filing fee was required. In the TRO Motion, Grace Chapel sought an order temporarily restraining Defendant from (a) "further violating the Final Declaratory Judgment"; (b) "filing any documents in the mortgage and conveyance records of Madison, County, MS to assert rights of ownership, or rights to determine ownership . . . or otherwise taking any action to claim

ownership, possession or custody of the Church Property"; and (c)

> asserting any rights to the property of Grace Chapel, including, without limitation, seeking to change the locks of Grace Chapel, taking possession, custody or control of Grace Chapel's property, or otherwise interfering with the rights and responsibilities of the ministers or other employees of Grace Chapel, the governing body of Grace Chapel (the Session) or the Congregation.

Defendant removed this matter within thirty days of the TRO Motion, citing federal question jurisdiction under 28 U.S.C. §1331. According to Defendant, the TRO Motion is merely a sequel to the original property action, which finally resolved all property disputes between the parties. Thus, the argument continues, Grace Chapel's only remaining claim is premised on the free exercise of religion under the First Amendment, *i.e.*, a federal question. Plaintiff timely moved to remand.

## II.   <u>ANALYSIS</u>

The issues before the Court are whether a federal question exists, and if so, whether Defendant timely filed its notice of removal.

### A.   Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006). "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which states that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Lorenz v. Tex. Workforce Com'n*, No. 05-50938, 2006 WL 3102581, at *2 (5th Cir. Oct. 30, 2006) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hoskins v. Bekins Van Lines*, 343 F. 3d 769 (5th Cir. 2003)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on

state law." *Caterpillar, Inc.*, 482 U.S. at 392.  Thus, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 810 n.6 (1986) (citing *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915)).

The "artful pleading" doctrine is an "independent corollary" to the well-pleaded complaint rule.  *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998).  "Under this principle, removal is not defeated by a plaintiff's omission to plead necessary federal questions." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (citing *Rivet*, 522 U.S. at 475).  "This rule requires the court to determine federal jurisdiction from only those allegations necessary to state a claim. . . ." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir. 1988) (citing *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Gully v. First Nat'l Bank at Meridian*, 299 U.S. 109 (1936); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, (1908)).

In the present case, Defendant removed based on Plaintiff's TRO Motion.  That pleading did not, as Defendant asserts, seek to establish free exercise of religion under the First Amendment and thereby assert a federal claim.  The only relief sought in the TRO Motion is the enforcement of the Final Judgment and the preservation of the property rights delineated therein. Contrary to Defendant's position, the TRO Motion does not assert Plaintiff's First Amendment rights.  No federal question is apparent from the face of the pleading.

Nor has Plaintiff omitted a necessary federal questions such that the TRO Motion was artfully pled.  Instead of asserting a First Amendment claim, the pleading seeks an order preventing Defendant from "further violating the Final Declaratory Judgment."  As stated, the prayed-for relief seeks maintenance of the property rights reflected in the Final Judgment.

Plaintiff may obtain such relief under Mississippi law, which grants the chancellor equitable authority to enforce her judgment. *Ladner v. Ladner*, 843 So. 2d 81, 82 (Miss. Ct. App. 2003) (holding that chancery court has "broad equitable powers to enforce its judgments"). Because Plaintiff sought recourse available exclusively through state law, it matters not that Plaintiff could have raised First Amendment claims too. *MSOF Corp.*, 295 F.3d at 490 (finding no federal question when plaintiff chose to seek relief under state law despite possible federal claim). In other words, the well-pleaded complaint doctrine is not violated because Plaintiff could, and did, seek relief without relying on a federal claim. *Id.*[1]

The Court recognizes that in seeking to enforce the judgment that Defendant may not "determine or control, directly or indirectly, the use or ownership of the Property," issues of ecclesiastical authority may become relevant. However, the pleadings suggest that Defendant intends to raise those issues in its defense. Defendant's Response states that it removed the action "[b]ecause Plaintiff asks a civil court to order relief that would invade the ecclesiastical jurisdiction of the Presbytery, and which may not be done consistent with rights secured by the Religion Clauses" of the First Amendment. Defendant's Response at 6. This appears to be a more accurate statement of the case–Defendant seeks relief under the First Amendment as a defense to Plaintiff's attempt to enforce the Final Judgment under state law. However, Defendant's reliance on First Amendment safeguards against state interference with religious

---

[1]Defendant's Response includes one sentence citing the "substantial federal issue" exception, but then immediately states that "[w]hat is important for present purposes is" the artful pleading doctrine. There is no further mention of "substantial federal issue," and it does not appear to form the basis of Defendant's position. To the extent this one sentence is intended to raise this issue, the Court finds that it does not apply in this case. *First Presbyterian Church of Corinth, Miss. v. Presbytery of Saint Andrew*, No. 1:07cv31, 2007 WL 571338 (N.D. Miss. Feb. 20, 2007); *see also Merrell Dow Pharm., Inc.*, 478 U.S. at 813; *Willy*, 855 F.2d at 1169.

doctrine or polity does not create a federal question.  "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm. Inc.*, 478 U.S. at 808 (citing *Louisville & Nashville R.R. Co.*, 211 U.S. 149).  Moreover, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* at 813.

The Court finds persuasive authority for the preceding ruling in *First Presbyterian Church of Corinth, Mississippi v. Presbytery of Saint Andrew.*  In that case, as in this, church doctrine caused a split between a local presbyterian church and the PCUSA, leading to a property dispute.  2007 WL 571338, at *1. The court remanded, holding that "First Amendment issues in this case are properly viewed as *limitations* upon the authority" of the state court. *Id.*  Defendant attempts to distinguish *First Presbyterian Church of Corinth, Mississippi*, arguing that it merely related to a property dispute, whereas the property dispute in the present case was resolved, leaving only the claim for religious freedom.  In the Court's view, Plaintiff's motion cannot be interpreted in the limited light Defendant suggests.  As stated, the relief Plaintiff seeks–under state law–is enforcement of those property rights reflected in the Final Judgment.  The fact that Plaintiff's claim might force Defendant to rely on the First Amendment fails to create federal question jurisdiction. *Merrell Dow Pharm. Inc.*, 478 U.S. at 808.

B.      Timing

Even assuming a federal question exists, the notice of removal was untimely.  Under 28 U.S.C. § 1446(b), "[t]he notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."  A claim is also removable within thirty days of receipt of "a copy of an amended pleading, motion, order or other paper

from which it may first be ascertained that the case is one which is or has become removable. . . ." *Id.* Here, Defendant removed less than thirty days after Plaintiff's TRO Motion, but more than thirty days after service of the original Complaint. Defendant claims that the TRO Motion was actually a new civil action that triggered Defendant's right to remove; or, alternatively, that the TRO Motion triggered the second removal window because the Complaint spoke only to property matters and was not removable.

As to the first contention, the Court finds that the TRO Motion is part of the original civil action. The motion bears the same civil action number and seeks enforcement of the Final Judgment. Under Mississippi law, the chancellor retained jurisdiction to enforce her judgment. *See Ladner*, 843 So. 2d at 83 (cited in *Bert Allen Toyota, Inc. v. Grasz,* 947 So. 2d 358, 363 (Miss. Ct. App. 2007)); *c.f.*, *Peacock v. Thomas*, 516 U.S. 349, 356 (1996) ("We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments.").[2]

Because the TRO Motion was not a separate civil action, the final issue is whether, assuming a federal question, the case first became removable upon receipt of the TRO Motion. On this point, the Court finds that Defendant's suggested federal question applies with equal force to the Complaint. Defendant argues that the Complaint spoke only to property issues and gave Defendant no indication that Grace Chapel would act in such a way as to prevent Defendant

---

[2]One respected commentator has observed that a "distinction has been drawn in a few cases between supplemental proceedings on the merits that are a mere mode of execution or relief, which are inseparably connected with the original judgment or decree in the state court proceeding and therefore are not removable. . . ." 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3721 (3d ed. 1998). This is a supplemental proceeding due, in part, to the Final Judgment's prohibition against direct or indirect interference with Plaintiff's property rights.

from exercising its ecclesiastical authority.  Defendant's Response at 11.  However, paragraph 8

of Plaintiff's Complaint states:

> Clause G-8.0201 of the *Book of Order*[3] states that, "[a]ll property held by or for a
> particular church . . . is held in trust nevertheless for the use and benefit of the
> Presbyterian Church (USA)."  This clause is not enforceable under the
> Constitution or the laws of the State of Mississippi.

Paragraph 9 explains:

> The PCUSA *Book of Order* also contains clauses . . . that, according to the
> Denomination, allow PCUSA presbyteries to dictate ownership of local church
> property within the presbytery's geographical bounds – including the property of
> churches that have disaffiliated with the PCUSA.  Such clauses are also not
> enforceable under the Constitution or the laws of the State of Mississippi.

Paragraph 12 further demonstrates that the issues of ecclesiastical authority and First Amendment

protections upon which this action was removed were present before the TRO Motion:

> [T]he PCUSA *Book of Order* states that the provisions of the Denominational
> Constitution are, as a matter of the free exercise of religion, <u>not</u> to be enforced by
> the civil power of the state through its courts.  Thus, while this Court has subject
> matter jurisdiction to resolve the property dispute before it, it cannot do so by
> applying the PCUSA *Book of Order* property provisions, as such would constitute
> an unlawful church establishment prohibited by both the First Amendment to the
> United States Constitution and by the PCUSA's own Constitution.

Were the Court to accept Defendant's position that the TRO Motion raised a federal

question due to a dispute over ecclesiastical authority, then it would be forced to find that these

same issues existed when suit was originally filed.  In fact, the Complaint, which Defendant

describes as relating exclusively to non-removable property claims, addresses the issues of

ecclesiastical authority even more directly than does the TRO Motion.  Thus, assuming that the

Presbytery is correct and a federal question exists, it existed on the face of the Complaint, and

---

[3]The *Book of Order* is the second part of the *Constitution of the Presbyterian Church
(U.S.A.)* and contains the Form Government, Directory for Worship, and Rules of Discipline.

Defendant should have removed the case within the original thirty-day window.  The Court has considered and rejected the remaining arguments raised in Defendant's Response.

WHEREFORE, PREMISES CONSIDERED, the Court finds that Plaintiff's Motion to Remand should be GRANTED.

**SO ORDERED AND ADJUDGED** this the 21[th] day of December, 2007.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE